```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 08-80239-CIV-RYSKAMP
                              MAGISTRATE JUDGE P.A. WHITE

EDWARD J. KEELER,             :

     Plaintiff,               :

v.                            :
                                     REPORT OF
PLANTATION POLICE DEPT., ET AL., :   MAGISTRATE JUDGE

     Defendants.              :
_____
```

## I. Introduction

The plaintiff Edward J. Keeler, currently incarcerated at the South Bay Correctional Facility, has filed a pro se civil rights complaint pursuant to 42 U.S.C. §1983 for damages and other relief. [DE# 1]. The plaintiff has been granted leave to proceed in forma pauperis. [DE# 6].

This cause is presently before the Court for initial screening pursuant to 28 U.S.C. §1915, because the plaintiff is proceeding in forma pauperis.

## II. Analysis

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

> Sec. 1915 Proceedings in Forma Pauperis
>
> \* \* \*
>
> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid,

>     the court shall dismiss the case at any time
>     if the court determines that –
>
>                * * *
>
>     (B) the action or appeal –
>
>                * * *
>
>     (i)  is frivolous or malicious;
>
>     (ii) fails to state a claim on which
>     relief may be granted; or
>
>     (iii) seeks monetary relief from a
>     defendant who is immune from such
>     relief.

A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the

2

Constitution or laws of the United States. <u>Arrington v. Cobb County</u>, 139 F.3d 865, 872 (11 Cir. 1998).

<u>Pro se</u> complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."' <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1979) (quoting <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972)). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. <u>Davis v. Monroe County Bd. Of Educ.</u>, 120 F.3d 1390, 1393 (11 Cir. 1997). The complaint may be dismissed if the plaintiff does not plead facts that do not state a claim to relief that is plausible on its face. <u>See</u> <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955 (2007)(retiring the oft-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim); <u>Watts v. FIU</u>, 495 F.3d 1289 (11 Cir. 2007). While a complaint attacked for failure to state a claim upon which relief can be granted does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Twombly</u>, 127 S.Ct. at 1964-65. The rules of pleading do "not require heightened fact pleading of specifics . . . ." The Court's inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." <u>Erickson v. Pardus</u>, 127 S.Ct. 2197, 2200 (2007)(quoting <u>Twombly</u>, 127 S.Ct. at 1964).

3

The plaintiff alleges that several City of Plantation police officers falsified documents in order to arrest him and get fingerprint samples to link him to recent burglaries. Specifically, the plaintiff alleges that he was arrested on April 19, 2006 for lewd conduct and stalking involving a child after Officers Beverly Daily and Craig Boermeester made false statements in a police report and probable cause affidavit. He claims that he was acquitted of these charges, and the officers falsified the documents in order to effectuate his arrest for the sole purpose of obtaining his fingerprints. He also alleges that Officer Peter Saglio made false statements concerning stolen property. In addition, the plaintiff claims that Detective Legette acted improperly while questioning him, and Officers Hanlon and Oehler made errors in the fingerprinting process.

The crux of the plaintiff's complaint is that the officers engaged in illegal tactics to falsely arrest him for stalking, and if they had not done so he could not have been convicted of burglary. He seeks monetary damages for the "negligent and/or intentional infliction of emotional distress" deriving the use of false statements used to arrest and detain him; reversal of his conviction; and other relief.

The plaintiff cannot challenge the constitutionality of his state conviction in a federal civil rights case, in which reversal of a conviction or release from custody is not a possible remedy. <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 488-490 (1973). The proper forum in which to challenge the constitutionality of a conviction or sentence is in a federal habeas corpus petition, following the exhaustion of state remedies.

4

To the extent the plaintiff seeks monetary damages, all of his claims call into question the legality or constitutionality of his criminal conviction, and are thus barred by Heck v. Humphrey, 512 U.S. 477, 486-487 (1994). Pursuant to Heck, if a prisoner brings such claims in a civil rights action, the complaint must be dismissed unless and until the reason for the confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. at 486-487.

The Court notes that "[b]ecause an illegal search or arrest may be followed by a valid conviction, a successful §1983 action for alleged Fourth Amendment violations does not necessarily imply the invalidity of a conviction. As a result, Heck v. Humphrey, 512 U.S. 477, 486-487 (1994) does not generally bar such claims." Hughes v. Lott, 350 F.3d 1157, 1160 (11 Cir. 2003) (citations and quotations omitted). Because of doctrines like independent source and inevitable discovery, and especially harmless error, such a §1983 action, even if successful, might not necessarily imply that the plaintiff's conviction was unlawful. See Wallace v. Smith, 145 Fed.Appx. 300, 301-302 (11 Cir. 2005). Courts must look both to the claims raised under §1983 and to the specific offenses for which the §1983 claimant was convicted. Vickers v. Donahue, 137 Fed. Appx. 285 (11 Cir. 2005).

In this case, the plaintiff's allegations that the arresting officers had no probable cause to arrest him, they falsified police reports and made errors in the fingerprinting process are precisely the type of claims that are barred under Heck, as the factual basis for the plaintiff's constitutional claims would

5

inevitably undermine any conviction.  Accordingly, the plaintiff's claims do not qualify for the Heck exception for Fourth Amendment claims.  Because the plaintiff's detention has not been remedied by any of the procedures listed in Heck, his claims are premature and thus not cognizable under §1983 at this time.

### III.   Recommendation

Based on the foregoing, it is recommended that the Complaint be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted and the case be closed.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 16th day of April, 2008.

_____
UNITED STATES MAGISTRATE JUDGE


cc:   Edward J. Keeler, Pro Se
      DC No. 939305
      South Bay Correctional Facility
      600 U.S. Highway 27 South
      South Bay, FL 33493